NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RIGOBERTO OCHOA PEREZ,<br><br>Defendant-Appellant. | No. 22-50254<br><br>D.C. No.<br>2:22-cr-00086-SVW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 4, 2024[**]
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Defendant-Appellant Rigoberto Ochoa Perez appeals his 168-month custodial sentence. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm his custodial sentence.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

On appeal, Perez contends his sentence is substantively unreasonable and the district court committed procedural error while rendering it. The Government argues that Perez's appeal is barred by an appellate waiver provision in his plea agreement. Perez responds that his appellate waiver is unenforceable because the district court violated Rule 11 of the Federal Rules of Criminal Procedure and thereby failed to ensure that he understood the appellate waiver provision before accepting his guilty plea.

Because Perez failed to object to the alleged Rule 11 violation during the plea colloquy, we review for plain error. *United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002). A plain error "must be clear and obvious, 'highly prejudicial' and must affect 'substantial rights.'" *Id.* (citation omitted). To show that a Rule 11 violation affected his substantial rights, Perez must show a "'reasonable probability' that, but for the Rule 11 error, 'he would not have entered the [guilty] plea.'" *United States v. David*, 36 F.4th 1214, 1217 (9th Cir. 2022) (citation omitted).

Perez has not met that burden. To begin with, we conclude there was a violation of Rule 11. "That Rule provides that the district court must address the defendant 'personally' and determine that the defendant understands the terms of any appellate waiver." *Id.* at 1215 (citing Fed. R. Crim. P. 11(b)(1)(N)). The district court did not personally address Perez about the appellate waiver or

2

specifically determine that he understood the terms of the waiver. *See id.* at 1218-19 (finding a violation of Rule 11(b)(1)(N) where the district court merely acknowledged the existence of an appellate waiver but never personally addressed the defendant about it). Perez has not shown, however, that the district court's violation of Rule 11 substantially affected his rights because "[n]othing in the record supports a 'reasonable probability' that [Perez] would not have entered the guilty plea had the district court separately addressed the appellate waiver as Rule 11 requires." *Id.* at 1219 (citation omitted).

Our decision in *United States v. David* is controlling. *See id.* at 1215-19. Like the defendant in that case, Perez does not contend that he did not understand the terms of the appellate waiver provision before pleading guilty or otherwise dispute that he entered into the plea agreement intelligently, freely, and voluntarily, as he represented both orally at his plea colloquy and in writing. *See id.* at 1218. Also as in *David*, Perez orally affirmed and acknowledged in writing that the plea agreement was read to him (in Spanish) in its entirety, that he had discussed the plea agreement with his attorney, and that he understood its terms. *See id.* We accordingly conclude that the district court's plea colloquy "at most constituted a technical violation of Rule 11" as opposed to plain error that affected Perez's substantial rights. *Id.* at 1219. His appellate waiver is therefore enforceable and forecloses this appeal.

**AFFIRMED.**